[Civ. No. 5734. Second Appellate District, Division Two.—March 13, 1930.]

MARJORIE WEDDINGTON, Respondent, v. W. F. McCANN et al., Defendants; N. ELIZABETH McCANN, Appellant.

Chas. M. Easton for Appellant.

Willis S. Mitchell for Respondent.

CRAIG, J.—The defendant N. Elizabeth McCann appeals from a judgment rendered against herself and W. F. McCann, her husband, upon a promissory note, which they executed and delivered to the respondent.

The defendant W. F. McCann admitted due execution of the note, for value. Appellant denied liability, alleging a failure of consideration, and the principal question here presented is as to the sufficiency of the evidence in this respect. Respondent and her daughter testified that the defendants called at their home, that each signed the note in the sum of $1,000 in their presence and in the presence of Fred Weddington, respondent's husband; and that Mrs. Weddington made and delivered to them her check for that amount; that the check was paid by the bank and returned to the payor bearing the usual evidences of cancellation, but that it had since been lost or stolen. Appellant admitted having so signed the note in controversy, but she testified that after so doing the plaintiff said: "I have already given Mr. McCann the money, before"; and further: "There never was a $1,000 check given to Mr. McCann or to me by Mrs. Weddington at any time." Her counsel thereupon requested a suspension of the proceedings and permission to obtain and offer if possible cumulative evidence from the books of the bank and from the plaintiff's hus-

band, in support of this latter testimony. The request was denied, and judgment was awarded to the plaintiff. Thereafter a motion for a new trial was presented upon the affidavit of Mrs. McCann's counsel, wherein it was averred that he had inspected the records of the bank and had taken the deposition of Weddington, showing that the purported check had not been so paid, and that it had never existed. Counter-affidavits of the plaintiff and appellant's husband were also presented, which contradicted in detail the facts which were asserted in support of the motion. McCann swore: "I was present together with the defendant N. Elizabeth McCann and the plaintiff Marjorie Weddington, and her husband and Guy Weddington, in the Weddington home, at Lankershim, California, at which place and time the said $1,000 promissory note was first signed by me and then signed by the defendant Elizabeth McCann and thereupon a check in the sum of $1,000 at said time and place was signed by the plaintiff Marjorie Weddington and delivered to me in the presence of each and every of said persons," and that the same was by him deposited and credited to his account.

■ Appellant complains that the presumption of consideration accompanying the written instrument having been overcome by her positive testimony to the contrary, the burden of proof shifted, and that a *prima facie* case was not sustained by the plaintiff. This argument is refuted by quotations in her brief from the testimony of the plaintiff's witnesses, as already above briefly stated. The evidence was conflicting, and its truth or falsity was a question for determination by the trial court.

■ Finally, it is contended that the defendant was surprised by the testimony offered by the plaintiff, and that the court erred in denying either continuance or a new trial. The suspension of proceedings during trial is a matter within the discretion of the court. (*Kahn* v. *Triest-Rosenberg Cap Co.*, 139 Cal. 340 [73 Pac. 164].) It is obvious from the record before us that if granted in this instance it could have resulted only in a showing that the bank then had no record of the transaction. As already noted, appellant's co-defendant swore that he received respondent's check for $1,000 in the presence of four witnesses, including his wife, who alone denied its delivery.

██ It is apparent that the court did not err in denying a new trial upon the mere suggestion of additional evidence which could render probable no different result. Where material facts are contradicted by counter-affidavits, the granting or denying of a new trial is also within the discretion of the court. ██ Such motions are not favorably regarded, and the ruling thereon will not be disturbed unless an abuse of discretion clearly appears. (*Goodwin* v. *Snyder,* 70 Cal. App. 98 [232 Pac. 763]; *Miles* v. *Miles,* 77 Cal. App. 219 [246 Pac. 143].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.